Appeal of **J. ALLAND & BRO., INC.**              Docket No. 847.

A taxpayer keeping its books of account upon a cash receipts and disbursements basis for 1921 is not entitled under the prov.sions of section 234 (a) (1) of the Revenue Act of 1921 to deduct from gross income in its tax return for 1921 any part of a bonus or advance rental paid by it under an agreement of lease upon premises which it was to occupy on and after January 1, 1922.

Submitted January 28, 1925; decided February 27, 1925.

*A. J. Aldridge, Esq.*, for the taxpayer.
*B. G. Simpich, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before GRAUPNER, LANSDON, LITTLETON, and SMITH.

This appeal is from a deficiency in income and profits taxes for the year 1921 in the amount of $2,743.87. From the testimony and documentary evidence introduced at a hearing on January 28, 1925, the Board makes the following

FINDINGS OF FACT.

1. The taxpayer is a Massachusetts corporation with its principal office at 126–A Tremont Street, Boston, Mass.

2. For the calendar year 1921, and for several years prior thereto, it kept its books of account on a cash receipts and disbursements basis and prepared and filed its tax returns upon that basis.

3. Its returns of income for 1921 and for a number of years prior thereto were made on a calendar year basis.

4. In its tax return for 1921 it deducted from gross income $10,500 paid to the Carmen Specialty Shoe Shops, Inc., pursuant to the terms of a written agreement dated November 12, 1921, which reads in part as follows:

INDENTURE made this twelfth day of November, 1921, between the Carmen Specialty Shoe Shops, Inc., a corporation duly organized under the laws of the Commonwealth of Massachusetts, of the one part, and the J. Alland & Brother, Inc., a corporation duly organized under the laws of the said Commonwealth.

WITNESSETH:

WHEREAS the said Carmen Specialty Shoe Shops, Inc., is the assignee and present holder of a lease to Nathan Carmen, of the store numbered 126–A Tremont Street, in Boston, in the County of Suffolk, said Commonwealth. from Charles E. Cotting, et al., Trustees, dated January 6, 1916, for the term of nine years, beginning with March 1st, 1916; and

WHEREAS the said J. Alland & Brother, Inc., desires to obtain the use and occupation of said store for the remainder of the term of said lease, beginning with January 1st, 1922;

NOW THEREFORE:

1. The said Carmen Specialty Shoe Shops, Inc., does hereby demise and lease unto the said J. Alland & Brother, Inc., the said store and basement numbered 126–A Tremont Street, and all and singular the premises described in the said lease held by it. To have and to hold the same for the term of three years, and two months, beginning with January 1st, 1922.

2. The said J. Alland & Brother, Inc., in consideration hereof, covenants and agrees with and to the said Carmen Specialty Shoe Shops, Inc., that it will, from and beginning with January 1st, 1922, pay the rent which may thereafter

become due, according to the terms of said lease, and perform all the covenants and stipulations in said lease from said Trustees to the said Nathan Carmen contained, which are to be performed on the part of the lessee.

3. In further consideration of said demise to it, the said J. Alland & Brother, Inc., does hereby agree to pay to the said Carmen Specialty Shoe Shops, Inc., the sum of eighteen thousand (18,000) dollars, of which one thousand (1,000) dollars have been paid this day, seventeen thousand (17,000) dollars are to be paid upon the giving of possession of said premises to the said J. Alland & Brother, Inc., but not prior to January 1st, 1922, in manner following: ninety-five hundred (9,500) dollars in cash, the remainder of seventy-five hundred (7,500) dollars by thirty-eight promissory notes of the said J. Alland & Brother, Inc., each dated January 3rd, 1922, bearing interest at six per cent per annum, thirty seven of said notes to be in the sum of two hundred (200) dollars, each payable one to thirty-seven months from date * * * * and one for one hundred (100) dollars, payable thirty-eight months from its date, each of said notes to provide that payment thereof may be anticipated prior to its maturity.

4. It is further agreed and understood that this agreement and demise is made subject to obtaining the assent of the lessors in said lease, dated January 6th, 1916, hereto, and to the modification of the terms of said lease, so as to permit the use of said premises for the millinery business or trade.

5. Of the $10,500 in question $1,000 was paid by check dated November 12, 1921, and $9,500 by check dated December 29, 1921.

6. The Commissioner has disallowed the deduction from the gross income of 1921 of any part of the $10,500 paid in 1921.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

SMITH: This appeal raises a question of law only. There is no dispute as to the facts. In 1921 the taxpayer desired to rent the premises at 126–A Tremont Street, Boston, Massachusetts, upon which the Carmen Specialty Shoe Shops, Inc., had a lease for a term of nine years beginning March 1, 1916. On November 12, 1921, the taxpayer and the Carmen Specialty Shoe Shops, Inc., entered into an agreement whereby the last named corporation agreed to " demise and lease " the premises to the taxpayer for a term of three years and two months from January 1, 1922. Under the agreement the taxpayer obligated itself from and after January 1, 1922, to " pay the rent which may thereafter become due, according to the terms of said lease, and perform all the covenants and stipulations in said lease from said Trustees to the said Nathan Carmen contained, which are to be performed on the part of the lessee." It also agreed to pay to the Carmen Specialty Shoe Shops, Inc., the sum of $18,000. Of this amount $1,000 was paid on November 12, 1921, and the remaining $17,000 was to be paid upon the giving of possession of the premises to the taxpayer but not prior to January 1, 1922, in manner following:

Ninety-five hundred (9,500) dollars in cash, the remainder of seventy-five hundred (7,500) dollars by thirty-eight promissory notes * * *

The taxpayer paid the $9,500 which it was obligated to pay not later than January 1, 1922, on December 29, 1921.

The taxpayer kept its books of account in 1921 upon a strictly cash receipts and disbursements basis, and its income and profits tax return for that year was prepared and filed upon the same basis. In

that return it deducted from gross income the $10,500 which it had paid to the Carmen Specialty Shoe Shops, Inc., and claims that it is entitled to make that deduction under the provisions of section 234(a)(1) of the Revenue Act of 1921, which permits a corporate taxpayer to deduct from gross income "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * * including rentals or other payments required to be made as a condition to the continued use or possession of property to which the corporation has not taken or is not taking title, or in which it has no equity."

The incidence of the income tax is upon the "net income" of the taxpayer. The net income is determined by deducting from gross income, which includes "gains, profits, and income," derived from various sources, certain specified items. The object of Congress in particularizing the deductions was to make certain to taxpayers their rights to claim deductions. The tax is an annual tax. The theory of the law is that the true gains of each year shall be subjected to the tax. Where, therefore, a taxpayer claims that it is entitled to deduct from gross income an amount which is not clearly an expense item properly chargeable against the gross income of the particular year, it is incumbent upon the taxpayer to show that it is at least within the letter of the provision of the law permitting the deduction.

The taxpayer claims the right to make the deduction of $10,500, under section 234(a)(1), upon the ground that the payment was made "as a condition to the continued use or possession of property." The essence of its contention is that any amount which a taxpayer may pay for a right to the possession of property *even in a future year* is deductible from gross income. In making this contention it of necessity makes the contention that the word *possession* is co-ordinate with the word *use*, and that the word *continued* does not modify the word *possession*.

We do not think that this construction of the statute is the correct one. In our opinion the word *continued* modifies the word *possession* as well as the word *use*. The taxpayer can not logically claim that the $10,500 in question was paid as a condition to the *continued* possession of property, inasmuch as it had no possession of the premises at 126–A Tremont Street during the year 1921.

In our opinion the $10,500 paid in 1921 is not a deductible item, unless it may be regarded as an *ordinary and necessary expense*, of the taxable year in carrying on the taxpayer's trade or business. We think that the evidence conclusively proves that the item was not such an expense. The taxpayer did not get any profit from the payment of the $10,500 during the year 1921. The profits from the payment were to flow to it through the unexpired term of the lease, namely, from January 1, 1922, to February 28, 1925, inclusive.

In our opinion the payment of $10,500 was a capital item. It represented an investment of the taxpayer in a lease. The taxpayer during the term of the lease was entitled to deduct from its gross income for each of the years 1922 to 1925, inclusive, a proportionate part of its investment of $10,500 under the provisions of the Revenue Acts of 1921 and 1924, which permit a taxpayer to deduct from gross income a reasonable amount for the exhaustion of property used in its trade or business.