HARRIS-EMERY CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 113. Promulgated January 27, 1928.

*J. G. Gamble, Esq.*, for the petitioner.
*J. W. Fisher, Esq.*, for the respondent.

## OPINION.

TRUSSELL: The record of this action contains the testimony of two witnesses of long experience in dealing with property values and with transactions of selling and leasing in the City of Des Moines. The testimony of each of these witnesses went into great detail concerning the history and development of Des Moines real property value. They gave the figures of assessed valuations; valuations shown by selling transactions and valuations as fixed by leasing transactions upon several pieces of property in the near neighborhood of the property here under consideration, and especially compared values of the petitioner's property with another property on the same side of the street and less than one block distant which had been sold in January, 1912, for $170,000. This property had a frontage of 44 feet on Walnut Street and included a two-story building. There was also placed in evidence a lease, made by the trustees of Charles Weitz as lessors to the S. S. Kresge Co., of a property on the opposite side of the same street and not a corner, having a 22-foot frontage and a building three stories in height. This lease was made on the 13th day of January, 1914, for a period of 30 years, and the rental was $7,500 per year for the first 10 years; $8,250 per year for the second 10 years, and $9,075 per year for the third 10 years.

Considering all the facts and data available, one of the petitioner's witnesses gave it as his opinion that the petitioner's leases on March 1, 1913, had a value of $84,308.96. The other witness gave it as his opinion that the Rothwell lease on March 1, 1913, had a rental value represented by the amount of $5,700 per year for the term of the lease over and above the amount which the petitioner must pay under its then existing lease and that the Weitz lease had a rental value of $1,337 per year over the term of the lease in excess of the amount which the petitioner must pay under its then existing lease.

In view of all the testimony contained in this record and upon consideration of all the assembled data respecting values of properties and leaseholds, we have arrived at the conclusion that the two leases held by the petitioner on March 1, 1913, had a combined value on that date of $60,000 and we have so-found.

The leases existing on March 1, 1913, expired on March 31, 1925, but in June, 1914, these leases were merged into a longer term expiring March 31, 1940. We are, therefore, of the opinion that the petitioner is entitled to an exhaustion deduction for the period here under review which should be computed upon the basis that from March 1, 1913, to March 31, 1914, a deduction had been allowed on the basis of a period of 12 years and one month, and that thereafter and during the period here under review the deduction should be based

upon the unexhausted value on April 1, 1914, prorated over the years and periods ending March 31, 1940. *Werner & Werner Clothing & Furnishing Goods Co.*, 9 B. T. A. 69.

Petitioner's claim for a deduction from gross income computed upon the estimated cost of making the agreed restorations and replacements upon the leased premises at the time when the leases shall have expired is confronted with what appears to be statutory difficulties. While the claim must be taken to represent a future cost of carrying on business, and from the standpoint of cost accounting is entirely reasonable, and it would seem that any prudent business man or organization should, during the term of such leases, provide for such estimated cost and set aside and maintain a reserve for that purpose in order that his or its accounts may properly represent the annual or periodical gains or losses, we are nevertheless faced with the situation that under the Revenue Act of 1918 it is provided that net taxable income shall be the gross income less certain specific deductions provided by the statute. We have held, in the case of the *Uvalde Company*, 1 B. T. A., 932, that the taxing act had made no provision for the deduction of future expenses however accurately the same may be estimated, and the rule laid down in that case will be followed in the instant case.

The deficiency should be recomputed in accordance with the foregoing findings of fact and opinion.

> *Judgment will be entered upon 15 days'*
> *notice, pursuant to Rule 50.*