*16 OPINION.
Trammell :
The facts in these proceedings are not in dispute. The sole issue of law is whether or not the petitioner is entitled to deduct from its gross income for each of the taxable years an aliquot portion of the sum of $338,000 paid over by the petitioner on January 2, 1920, to the trustee under the terms and conditions of the trust agreements referred to in our findings of fact. No question is raised with respect to the right of the petitioner to deductions on account of the salaries j)aid to Wilkinson and Derschug, nor is any question raised respecting the reasonableness of the compensation or whether it constitutes to any extent a distribution of profits.
When the petitioner, on January 2, 1920, paid over to the trustee the trust funds aggregating $338,000, the assets theretofore available for use in. its business were reduced by that amount, but in the place of said funds, it acquired the contracts of employment. The petitioner on that date lost possession and control of the funds, subject only to the possibility of recovering them, in the event of a breach of the contracts by the employees. The contingency, in our opinion, is too remote to justify us in the holding that the petitioner did not acquire the contracts for the expenditures made in advance. S. S. White Dental Mfg. Co. v. United States, 61 Ct. Cls. 143; affd. 47 Sup. Ct. 598. The facts in this case distinguish it from that class of cases in which the issue involves the right of the taxpayer to accrue and deduct a purely contingent liability. Becker Bros. v. United States, 7 Fed. (2d) 3; Malleable Iron Range Co. v. United States, 65 Ct. Cls. 441.
It is our opinion that such contracts as we have here in question represent capital expenditures. Upon payment of the amounts referred to, the petitioner acquired capital assets which were exhausted ratably by the passage of time. Accordingly, it is entitled to deduct an aliquot part thereof from its gross income for each year during the life of the contracts. J. Alland & Bro., Inc., 1 B. T. A. 631; Dallas Athletic Association, 8 B. T. A. 1036.
It follows from the conclusions reached above that, for the taxable period July 29 to December 31, 1922, the petitioner is entitled to deduct from its gross income an aliquot portion of the total amount of $338,000.
However, a diiferent situation is presented with respect to the taxable years 1925 and 1926. At December 31, 1924, the Wilkinson contract expired and the asset represented thereby became fully exhausted. No deduction for said years 1925 and 1926 may be allowed, therefore, on account of the $68,000 paid to Wilkinson. With respect to the $270,000 paid to Derschug, the petitioner was entitled to deduct an aliquot part, or one-fifth thereof, for each year from 1920 to *17 1923, both inclusive, during which period the prospective life of the contract was five years, but on August 19, 1924, this latter contract was extended for an additional period of two years; hence, the unexhausted value of the contract at August 20, 1924, should be spread ratably over the then remaining life of the contract, and a pro rata part thereof deducted from gross income for each of the years 1925 and 1926. Harris-Emery Co., 10 B. T. A. 297.

Judgment will be entered under Bule 50.